[732 NYS2d 296]

In the Matter of JAMES C. SLOAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 28, 2001

### APPEARANCES OF COUNSEL

*Vincent L. Scarsella, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*James C. Sloan,* DeFuniak Springs, Florida, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on January 14, 1988, and formerly maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct including trust account improprieties. Respondent filed an answer admitting the allegations of the petition, and appeared before this Court to submit matters in mitigation.

Respondent admits that he issued two checks drawn on his trust account for matters unrelated to his representation of the only client for whom he had funds on deposit, causing the balance in the account to fall below the amount of the client's interest. He then deposited personal funds into the account to rectify the deficiency, thereby commingling funds. Additionally, he admits that he neglected a client's matrimonial matter while he was in the process of relocating to another State.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (c) (2) (b) (22 NYCRR 1200.11 [c] [2] [ii] )—collecting a fee in a domestic relations matter without executing with the client a written retainer agreement;

DR 2-106 (f) (22 NYCRR 1200.11 [f])—failing to provide a prospective client in a domestic relations matter with a statement of client's rights and responsibilities;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment when it is likely to involve him in representing differing interests;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—failing to carry out a contract of employment entered into with a client for professional services;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with his own funds; and

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts.

We have considered the matters in mitigation, including that the misconduct was not intentional and that no client suffered a permanent loss as a result of the misconduct. Accordingly, we conclude that respondent should be censured.

PIGOTT, JR., P. J., WISNER, HURLBUTT, KEHOE and LAWTON, JJ., concur.

Order of censure entered.